TRACY ET AL. v. COLBY ET AL.

TRUSTEE — FIDUCIARY — ADMINISTRATOR'S SALE — CONSTRUCTIVE FRAUD. — A judge, who orders a sale, and has the power to confirm or set it aside, comes within the reason of the rule that trustees, strictly so called, and other fiduciaries, cannot make a valid purchase of any part of the estate, in respect to which they have duties to perform. .

ID.— ID.— ID.— ID. — EVIDENCE — DECLARATIONS.— H. purchased land at an administrator's sale, and, on the day he received his deed, conveyed an undivided half of the land to C., the Probate Judge, who ordered and confirmed the sale, the latter paying therefor one-half of the purchase-money paid by H. In an action brought by the heirs of the intestate against H. and C.— the complaint alleging that the sale to C. was made in pursuance of an agreement, or understanding, between him and H., entered into prior to the administrator's sale—*held*, that the declarations of H., made prior to the sale, but in the absence of C., that he was about to purchase for the benefit of himself and C., were admissible in evidence.

ID.—ID.—ID.—ID.—FINDING.—In the case stated the Court found that H. conveyed to C. upon a contract and agreement, made on the day of the sale, and not in pursuance of any fraudulent contract made prior thereto. *Held*, that the finding is defective, as it does not negative the allegation that there was such a prior contract, but simply expresses the opinion of the Court that it was not fraudulent.

APPEAL from a judgment for the defendants, in the Sixteenth District Court, County of Kern. REED, J.

The facts are stated by the Court.

*Stetson & Houghton*, for Appellants.

The declarations of the defendant Howlett were admissible as part of the *res gestæ*. (Code Civ. Proc. § 1850.) We laid a sufficient foundation to warrant the evidence. It was held in *Smith* v. *Drake*, (23 N. J. Eq. 304) in a suit to set aside an administrator's sale, on the ground that it was made to a third person, as agent of the administrator—who, on the same day he procured the administrator's deed, conveyed to the administrator—that the facts appearing on the face of the deeds themselves were sufficient to raise the presumption that the purchase was for the administrator. (*Obert* v. *Obert*, 2 Stock. 103 ; *Abbot* v. *Am. H. R. Co.* 33 Barb. 595.; *Riddle* v. *Roll*, 24 Ohio St. 577 ; White & Tudor, L. C. in Equity, Vol. 1, Part I, p. 255 ; *Scott* v. *Gamble*, 1 Stock. 218 ; *Glass* v. *Greathouse*, 20 Ohio, 506.)

Admitting that the evidence could not affect the defendant Colby, it was admissible as to the defendant Howlett.

The Political Code (§ 921) prohibits the Probate Judge from purchasing at a sale made by him in his official capacity. This is only declaratory of the law as it was before the Codes (*Davoue* v. *Fanning*, 2 Johns. Ch. 252); and it makes no difference in the application of the rule, that the sale was made at public auction, *bona fide*, and for a fair price, and that the trustee did not purchase himself, but acquired the •interest through a third person. (*Michoud* v. *Girod*, 4 How. 503; *Jewett* v. *Miller*, 10 N. Y. 402; *Boyd* v. *Blankman*, 29 Cal. 19; *Guerrero* v. *Ballerino*, 48 id. 118; *The York B. Co.* v. *McKenzie*, 8 Bro. P. C. 42.) The disability does not cease the moment a sale is made, but continues so long as the party has any duty to perform in connection with the property. (*Henry* v. *Roman*, 25 Pa. 354; *Rosenberger's Appeal*, 26 Pa. St. 67; *Hockenburg* v. *Carlisle*, 5 W. & S. 350; *Den* v. *Wright*, 7 N. J. L. 175; *Romance* v. *Hendrickson*, 27 N. J. Eq. 162; *Miles* v. *Wheller*, 43 Ill. 126; *Galbraith* v. *Elder*, 8 Watts, 81, 95–6; *Stephen* v. *Beall*, 22 Wall. 340; *Walton* v. *Torrey*, Har. Ch. Rep. (Mich.) 259; *Walker* v. *Walker*, 101 Mass. 171.)

*R. E. Arick*, and *V. A. Gregg*, for Respondents.

The declarations of the defendant Howlett were properly excluded. No proper predicate had been laid for the question, in this, that no conspiracy had been shown, and conspiracies cannot be shown by the declarations of one party. (Code Civ. Proc. §§ 1870, 1848.) We submit, that the plaintiffs have had a fair trial, and cannot complain of immaterial errors. (*Mott* v. *Reyes*, 45 Cal. 379; *Delger* v. *Johnson*, 44 id. 182.)

SHARPSTEIN, J.:

This is an action brought by F. A. Tracy, guardian *ad litem* of the minor heirs of Thomas Baker, deceased, and the widow of said Thomas Baker, to obtain a decree setting aside certain conveyances made by the administratrix of the estate of Thomas Baker, deceased, to defendant Howlett, on the ground that the purchase made by said defendant Howlett was made

in part in the interest of defendant Colby, the then County Judge and *ex-officio* Probate Judge of Kern County.

The facts, about which there is no controversy in this case, are: that Thomas Baker died intestate ; that his widow was duly appointed administratrix of his estate ; that pursuant to an order of the Probate Court, of which defendant Colby was Judge, she sold at public auction, on the 2nd of December, 1874, the land described in the complaint and belonging to the estate, to the defendant Howlett; that on the 20th day of December, 1874, said sale was confirmed by said Probate Court, said defendant Colby still being Judge thereof; that on the 4th day of January, 1875, said administratrix signed, sealed, and acknowledged a conveyance of said land, but did not deliver the same to said defendant Howlett until the 28th day of January, 1875 ; that on the same day that said deed was delivered by said administratrix to said defendant Howlett, he executed and delivered to said defendant Colby, who was still Judge of said Probate Court, a deed of an undivided one-half of said land, for which he paid to said defendant Howlett one-half of the sum which the latter had paid for the whole of said land.

It is alleged in the complaint, and denied in the answer, that said last-mentioned conveyance was made pursuant to some agreement, or understanding, between said defendants, entered into prior to the sale of said land by said administratrix. Upon this issue the finding of the Court is in favor of the defendants.

On the trial the plaintiffs called as a witness one Julius Chester, who testified that he was acquainted with the defendants, and that on the day of the sale of said land by said administratrix he had a conversation with the defendant Howlett in regard to his purchase of said land. The plaintiffs' counsel then asked the witness some questions, so framed as to elicit from him what defendant Howlett at that time said about any one being interested with him in his said purchase. These questions were objected to, on the ground that no proper predicate had been laid, " in this, that the allegations in the complaint are a conspiracy between the defendants, and it has not been shown that the defendants were both present at the conversation offered to be introduced." The objection was sustained, and plaintiffs excepted. Thereupon plaintiffs offered " to prove by

witness that on the day of the Baker estate sale, and before the sale took place, defendant Howlett came to witness, and in a conversation then had with him, told witness that he (Howlett) was going to bid in certain land at said sale, and that the purchase was to be made for and in the interest of himself and defendant P. T. Colby." The action of the Court upon this offer is stated as follows: "Offer refused by the Court, because the proper predicate has not been laid, showing that P. T. Colby, the defendant, was present, or had knowledge of such offered conversation." Plaintiffs excepted. If the evidence offered was material, its rejection cannot be sustained. The rule "admitting the declarations of a party to the record in evidence applies to all cases where the party has *any interest* in the suit, whether others are joint parties on the same side with him or not." (1 Greenleaf's Ev. 172.)

As to the materiality of the evidence offered, we entertain no doubt. The defendant Howlett is not shown to have occupied any position which forbade his purchasing property for himself at said administratrix's sale; and the sale to him can be avoided only by proving that some person who could not, upon well-established principles, be permitted to purchase, or participate in the purchase, of said property at such sale, was interested in the purchase made by Howlett. If the defendant Colby stood in such a relation to the estate of the deceased, as would render a sale of any part of it to him voidable at the instance of the heirs of said estate, then a purchase by him and another person jointly would make the whole sale voidable. It became therefore of the first importance that the plaintiffs should prove that Howlett was not buying for himself alone, but that he was buying for himself and Colby jointly. And the declarations of Howlett, at the time and place of the sale, to that effect, taken in consideration with his subsequent conveyance of an undivided half of the property which he purchased, to the defendant Colby, would, if not otherwise satisfactorily accounted for, tend very strongly to prove that both were interested in the purchase nominally made by one of them. And if such were found to be the fact, the heirs of the estate would be entitled to have the sale set aside. That trustees, strictly so-called, and administrators, executors, solicitors, and assignees, of a bank-

rupt, cannot make a valid purchase of any part of the estates in respect to which they have duties to perform, is too well settled to admit of argument.    And if a judge, who orders a sale, and has the power to confirm or set it aside, is within the reason of the rule, it is not of the slightest importance that in the enumeration of persons to whom the rule applies, courts and text-writers have not specifically mentioned judges.    There is, however, one reported case which has been brought to our attention, in which the rule was applied to a judge of probate.    In *Walton* v. *Torrey*, (Harrington's Mich. Ch. Reps. 259) a sale was set aside on the ground that the judge who ordered the sale became interested in the purchase.    The objection to an administrator purchasing at a sale of the estate, upon which he is administering, is, that it places him in a position where his interest may clash with his duty.    The objection applies with equal, if not greater, force to the purchase, by a judge, of property which he has ordered to be sold, and the sale of which he must confirm before any title can pass.

Besides, a sale of this character is a judicial sale, in which the person conducting the sale is the mere organ of the Court.    "A bid offered to the person conducting the sale is a *bid offered to the Court*, and a bid accepted by such person is a bid *accepted by the Court*, for·its future consideration, and judicial determination, in confirming, or refusing confirmation of, the sale." (Rorer on Judicial Sales, § 23.)    Any evidence, therefore, having a tendency to prove that the defendant Colby was interested in the bid of the defendant Howlett, was admissible on the trial of this action.    And the admissions and declarations of Howlett to that effect were clearly admissible.    The finding of the Court "that on the 28th day of January, 1875, the said John Howlett conveyed one undivided half of said lands to P. T. Colby, (co-defendant) upon a contract and agreement made on that day, and not in pursuance of any fraudulent contract made prior thereto," is defective.    It leaves room for an inference that the conveyance might have been made pursuant to an agreement entered into prior to the administratrix's sale, which, in the opinion of the Court, was not *fraudulent*.    If such an agreement was entered into before said confirmation, it is wholly immaterial whether it was *actually* fraudulent or not.    The find-

ing should be that the conveyance was, or was not, made pursuant to an agreement made between the defendants prior to the confirmation of the administratrix's sale.

A Judge cannot act in an action, or proceeding, in which he is interested. (Code Civ. Proc. 170; *People* v. *De la Guerra*, 24 Cal. 73; *Dimes* v. *Proprietors of Grand Junction Canal*, 3 House of Lords Cases, 759.)

Judgment reversed, and cause remanded for a new trial.

THORNTON, J., and MYRICK, J., concurred.