[Sac. No. 788.   Department Two. — August 2, 1901.]

## PETER McGRAW, Appellant, v. FRIEND & TERRY LUMBER COMPANY, Respondent.

NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — NONSUIT — QUESTION OF LAW — DECISION UPON FORMER APPEAL — LAW OF CASE. — In an action for negligence, a motion for a nonsuit on the ground that the evidence for the plaintiff establishes his contributory negligence, so as to preclude a recovery, raises a question of law; and the decision upon a former appeal, that a nonsuit should have been granted upon that ground, is the law of the case upon a second appeal, where the evidence for the plaintiff does not warrant a different conclusion.

ID. — EVIDENCE — KNOWLEDGE OF PLACE AND DANGER OF INJURY — CROSS-EXAMINATION OF PLAINTIFF — DEPOSITION NOT INTRODUCED. — It was competent, upon cross-examination of the plaintiff, for the defendant to show that plaintiff, prior to the injury sustained, was familiar with the place where it occurred, and knew of the obvious danger there exposed to view, and for that purpose to call the plaintiff's attention to a deposition given by him, which was not put in evidence, and to question him upon the answer given therein. It was not incumbent on the defendant to introduce such deposition in evidence.

APPEAL from a judgment of the Superior Court of Sacramento County.   Matt F. Johnson, Judge.

The facts are stated in the opinion.

A. L. Hart, for Appellant.

The decision of the trial court on a question of fact does not become the law of the case. (*Mitchell* v. *Davis*, 23 Cal. 383, 384; *Snead* v. *Osborn*, 25 Cal. 628; *Ellis* v. *Jeans*, 26 Cal. 278; *Mahan* v. *Wood*, 79 Cal. 258; *Robinson* v. *Thornton*, 114 Cal. 276; *Wallace* v. *Sisson*, 114 Cal. 45; *Mattingly* v. *Pennie*, 105 Cal. 514.[1])

Holl & Dunn, for Respondent.

The decision of this court upon the former appeal, to the effect that defendant was entitled to a nonsuit upon the testimony before the court when the motion for a nonsuit was

[1] 45 Am. St. Rep. 87.

made, was a decision of a question of law, and, upon substantially the same testimony, that decision is the law of the case. (*Benson* v. *Shotwell*, 103 Cal. 163; *Horton* v. *Jacks*, 115 Cal. 29; *Stanton* v. *French,* 91 Cal. 274; *Christy* v. *Spring Valley Water Works,* 84 Cal. 541; *Estate of Cook,* 83 Cal. 415.)

HAYNES, C.—Action to recover damages for personal injuries. At the conclusion of plaintiff's evidence the defendant moved for a nonsuit, its motion was granted, and from the judgment entered thereon the plaintiff has taken this appeal. Upon a former trial the plaintiff had a verdict and judgment, but that judgment was reversed, upon defendant's appeal, upon the ground that the court erred in denying defendant's motion for a nonsuit, made then, as now, at the conclusion of plaintiff's evidence in chief.

The injury complained of was sustained November 18, 1894, and the first trial was had in December, 1895. The trial, from the result of which the present appeal is taken, was had in March, 1899. For a statement of the case, see the opinion upon the former appeal, reported in *McGraw* v. *Friend & Terry Lumber Co.,* 120 Cal. 574. As to the attending circumstances under which the accident occurred, the case now, as then, depends wholly upon the testimony of the plaintiff; and upon the former appeal it was said by this court: "Conceding that the defendant was negligent in not erecting some barrier to prevent accidents, the plaintiff was so clearly guilty of contributory negligence as to prevent a recovery." No facts or circumstances appear in his evidence upon the second trial that were not disclosed by his evidence upon the former trial, though there were certain minor discrepancies between the evidence given on the second, but none that would require or justify a different conclusion from that announced upon the former appeal.

It is, however, urged by appellant, "that a decision of this court upon appeal, as to a question of fact, does not become the law of the case." (Citing *Mattingly* v. *Pennie,* 105 Cal. 514.[1]) In that case the appeal was from an order denying a new trial. Upon the first trial of that case in the superior court, the defendant had judgment, and the plaintiff appealed from an order denying his motion for a new trial, upon the ground that the evidence was not sufficient to justify the ver-

[1] 45 Am. St. Rep. 87.

dict, and this court reversed the judgment.  Upon a second trial, the verdict was for the plaintiff, and upon appeal by the defendant it was contended that the evidence was substantially the same as upon the former trial, and that the decision upon the first appeal, upon the question of the sufficiency of the evidence, became the law of the case.   Here, however, the appeal is from a nonsuit granted by the trial court, and if the court erred in granting it, it is an error of law.   (*Warner* v. *Darrow,* 91 Cal. 309.)   The fact that a jury has been impaneled and has heard the evidence does not prevent the defendant from making the motion, nor the court from deciding it, though in deciding it the court necessarily considers the evidence, and every inference of fact that may be properly drawn from it. The former appeal in the case at bar was from the judgment and from an order denying a new trial, and among the errors of law it was specified that the court erred in not granting the defendant's motion for a nonsuit, made, as here, at the conclusion of plaintiff's evidence, and that error was the one principally considere l, and it was held that the court erred in not granting it, and that as there was nothing in the subsequent evidence which in any manner strengthened the plaintiff's case, the subsequent decision of the jury did not cure the error.   The decision upon the former appeal therefore became the law of the case, unless the evidence upon the second trial was so far different as to require a different conclusion.   The court below thought it did not, and in that we agree.

Some exceptions to rulings upon the cross-examination of the plaintiff were taken, which remain to be noticed.

Prior to the first trial of the case, the deposition of the plaintiff was taken, and what was said by counsel for defendant to be such deposition was used, upon the last trial, upon cross-examination of the plaintiff, but the alleged deposition was not put in evidence.   The plaintiff, however, admitted the signature to be his, and that he recollected "appearing before a notary public and giving his testimony."   No objection was made upon the ground that the paper was not, or was not shown to be, the deposition of the witness.   The examination consisted of reading from the deposition certain questions and answers, and asking whether he so testified, and whether such answers were true; whether his recollection of the matters testified to in the deposition was better at that time than at the present. To some of these questions the objection was made that the

time to which the questions were directed was uncertain, and to one the additional objection, that it was irrelevant and immaterial. The general purpose of the examination here referred to was to show that plaintiff was familiar with the condition of the sidewalk·in question at and prior to the accident. The American Eagle Hotel was situated in the vicinity of the place of the accident, and (reading from the deposition) he was asked, "Were you in the habit of going to the American Eagle Hotel frequently?" Answer: "Every day, nearly,— frequently, every day." And after reading said question and answer, he was asked, "Was that true?" and thereupon said objection was made. It was clearly relevant to show that plaintiff was familiar with the place where the accident occurred, and knew of any danger that might exist which was open to observation, as the danger in question undoubtedly was. As to the supposed uncertainty as to the time to which the question related, his answer shows that he was not misled. It was as follows: "I do not recollect going there after the accident. I was not able to go out around. After the accident occurred, I took my meals down at my room." Thus showing clearly that his answer, as read .from the deposition, that he went to the hotel frequently,—every day, nearly,—related to the time before the accident. Nor do we find any answer of the witness·that indicates that he was misled, or misunderstood the time to which the question related.

It is also called to our attention by counsel that the deposition was not introduced in evidence. It was not incumbent upon the defendant to introduce it in evidence. It was competent for the plaintiff to re-examine the witness as to any portions of the deposition material to the matters called out by the cross-examination, and thus to correct any possible misapprehension of the witness.

We find no error requiring a reversal of the judgment, and advise that it be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    McFarland, J., Temple, J., Henshaw, J.