### H. E. Post v. Houston Rice Milling Company.

#### Decided April 28, 1904.

**Landlord and Tenant—Share in Crop as Rent—Agency.**

Plaintiff, a landlord, had a contract with his tenant for one-fifth of the rice raised on his place and notified defendant of such contract after the rice was taken there to be milled but before it was sold. Defendant having sold the rice turned all the proceeds over to the tenant upon the tenant's representation that he was plaintiff's agent and authorized to receive the money for the sale. Evidence considered and held insufficient to support defendant's plea that plaintiff, by his actions, induced it to believe that the relation of agency existed between him and the tenant.

Appeal from the County Court of Harris. Tried below before Hon. T. Blake Dupree.

*L. B. Moody,* for appellant.

*Ford, Stone & Ford,* for appellee.

PLEASANTS, Associate Justice.—Appellant brought this suit against appellee to recover the proceeds of the sale of 208 bags of rice, the property of appellant, and alleged to have been sold and the proceeds thereof wrongfully paid by appellee to one Riesnecker. The petition alleges that Riesnecker was a tenant upon the farm of appellant during the year 1902, and as such tenant raised on said farm a crop of rice; that 1040 bags of said rice were shipped by Riesnecker during the months of January and February, 1903, to appellee to be milled and sold; that under the rental contract between plaintiff and Riesnecker one-fifth of said rice, amounting to 208 bags, belonged to plaintiff as rent for his said farm; that after the rice was received by appellee company, and before the sale thereof, plaintiff notified said company that he owned one-fifth of said rice and instructed it to pay Riesnecker out of the proceeds of plaintiff's portion of the rice the sum of $104 and to hold the remainder of such proceeds for plaintiff, and that defendant agreed and promised to comply with said instruction; that thereafter defendant sold said rice and received for the one-fifth interest therein belonging to plaintiff the sum of $311.59, which amount it paid over to said Riesnecker; that defendant was only authorized to pay said Riesnecker the sum of $104 as aforesaid, and that $207.59 of the proceeds of said rice is due plaintiff by defendant, for which amount he prays judgment.

The defendant answered by general demurrer and general denial, and by special plea in which it is averred in substance that plaintiff by his conduct and representations held out Riesnecker as his agent, and defendant was thereby induced to believe and did believe that said Riesnecker was the agent of plaintiff and had authority as such to receive the proceeds of the sale of said rice.

The trial in the court below without a jury resulted in a judgment in favor of defendant.

The undisputed evidence shows that plaintiff owned one-fifth of the 1040 bags of rice which was shipped to appellee by Riesnecker as alleged in the petition, and that before the sale of said rice by appellee plaintiff notified it that he owned a portion of the rice and requested that his interest be protected, and that appellee agreed not to pay Riesnecker for plaintiff's portion of the rice until plaintiff and Riesnecker had adjusted certain claims which the latter was asserting against plaintiff. It was further shown that plaintiff and Riesnecker met at the office of appellee and it was there agreed by plaintiff that Riesnecker was to be paid $104 out of plaintiff's portion of the proceeds of the sale of the rice. Some time after the agreement was had the appellee sold the rice and without any authority from plaintiff paid Riesnecker the full amount of the proceeds of such sale. There is no evidence to sustain appellee's plea that plaintiff did anything or made any representation which could have induced appellee to believe that it was authorized to pay Riesnecker any part of the proceeds of the sale of plaintiff's rice except the $104. It is manifest from the testimony of appellee's agent who sold the rice and paid the proceeds to Riesnecker that he relied solely upon the statements of Riesnecker that the matters between himself and plaintiff had all been settled and that he was authorized to receive plaintiff's portion of said proceeds. Upon the undisputed evidence appellant was clearly entitled to a judgment for one-fifth of the amount received by appellee for the rice less the $104 which he authorized appellee to pay Riesnecker, and the judgment of the court below is therefore reversed and judgment here rendered for appellant for said amount.

*Reversed and rendered.*