[Civ. No. 274.　Third Appellate District.—April 29, 1907.]

## W. H. ADAMS, Appellant, v. ARTHUR THORNTON, Respondent.

CLAIM AND DELIVERY—CROPPING LEASE—TENANCY IN COMMON—LAW OF THE CASE.—In an action of claim and delivery, where the court decided on a former appeal that the instrument of lease between the parties must be deemed only a cropping contract, and that by virtue of its provisions the parties were cotenants in the fruits raised during the time of the contract, and that each has an equal right with the other to the possession of the fruit, the construction of the contract is the law of the case upon a second appeal.

ID.—RIGHT TO NONSUIT—DISTINCT EVIDENCE—LAW OF CASE INAPPLI-
CABLE.—The decision upon the former appeal that the defendant
was entitled to a nonsuit is not the law of the case upon the second
appeal, where the evidence at the second trial is so distinct as to
render the granting of a nonsuit thereat erroneous.

ID.—REPLEVIN MAINTAINABLE WHEN SHARE MAY BE ASCERTAINED.—
Where the personal property held in cotenancy is readily divisible
by weight or measurement into portions absolutely alike in quality
and value, and an equal division thereof was in fact made by the
cropping tenant, placed in separate piles, each pile having a sepa-
rate letter, and the lessor's share was tendered to him and re-
fused, and the lessor took possession of all the fruit and refused
to return the tenant's share upon demand, replevin by the crop-
ping tenant may be maintained to secure his share of the crop
from the lessor.

ID.—ARGUMENT UPON APPEAL—POINT MADE IN REPLY BRIEF.—The fact
that the point was first made by appellant in his reply brief that
the law of the case does not apply where the plaintiff's evidence
is different upon the new trial does not preclude the decision of the
point by this court.

APPEAL from a judgment of the Superior Court of San
Joaquin County. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Nicol & Orr, and J. M. C. Murphy, for Appellant.

Louttit & Middlecoff, for Respondent.

BURNETT, J.—This action was brought in replevin
to recover one hundred and eighty-six and three-fourths
sacks of dried apricots or their value in case a delivery could
not be had, together with damages for their detention. When
plaintiff rested, a motion for nonsuit was made and the court
granted the motion "solely for the reason that the court feels
bound by the decision of the Appellate Court for the Third
District rendered on the prior appeal in this cause, to hold
that plaintiff and defendant are tenants in common of the
property described in the complaint, and that this court
should grant a nonsuit on such grounds."

In the decision by this court on the former appeal it was
held that "While the agreement set out and under which
the parties were operating is called therein a lease, yet un-

der the authority of *Bernal* v. *Hovious,* 17 Cal. 542, [79 Am.
Dec. 147], it must be deemed only a cropping contract, and
the parties are cotenants in the fruits raised during the time
of the contract, and each has an equal right with the other
to the possession of the whole of said fruit, and, under the
general rule, neither can maintain a suit against the other for
the possession of the fruit,'' and the judgment was reversed
on the ground that the motion for a nonsuit should have been
granted.

It is claimed by respondent that the aforesaid decision of
this court is the law of the case and that we must affirm the
action of the trial court in granting the nonsuit in conso-
nance with the mandate of the appellate court.

Among the decisions declaring the effect and scope of such
a judgment as bearing upon the subsequent history of the
litigation, the cases of *More* v. *Calkins,* 95 Cal. 436, [29 Am.
St. Rep. 128, 30 Pac. 583], and *McGraw* v. *Friend & Terry
Co.,* 133 Cal. 589, [65 Pac. 1051], are directly in point. In
the former, as we find in the syllabus, it is held that ''The
construction placed upon a deed of trust by the Supreme
Court in its decision reversing the judgment and remanding
the case for a new trial . . . is the law of the case and the
question of its correctness will not be considered upon a sec-
ond appeal.''

And so here, we cannot call in question the construction
placed by this court in the former appeal upon the written
contract between the parties. We are bound to hold that
it constituted a cropping contract, and that by virtue of its
provisions the parties became tenants in common in and to
all the fruit produced, which was the subject matter of said
contract.

The only remaining question is whether the determination
by the appellate court that claim and delivery would not lie
in view of the evidence disclosed by the record and that the
nonsuit should have been granted at the former trial pre-
cludes us from any inquiry into the evidence taken at the
second trial to find the absence of support for the action of the
court in granting the motion for a nonsuit. The proper solu-
tion of this question depends upon the consideration whether
the evidence was the same or substantially the same at both
trials. In the McGraw case, *supra,* it is said that ''in an ac-
tion for negligence a motion for a nonsuit on the ground that

the evidence for the plaintiff establishes his contributory neg-
ligence, so as to preclude a recovery, raises a question of
law; and the decision upon a former appeal, that a nonsuit
should have been granted upon that ground, is the law of the
case upon a second appeal *when the evidence for the plaintiff
does not warrant a different conclusion.*" And in *Sharon*
v. *Sharon,* 79 Cal. 633, [22 Pac. 26, 131], it is said that "The
rule has no application when the facts presented on the sec-
ond appeal are materially different from those on which the
decision was rendered." (Citing *Nieto* v. *Carpenter,* 21 Cal.
454; *Meeks* v. *Southern Pacific R. R. Co.,* 56 Cal. 513, [38 Am.
Rep. 67]; *Cross* v. *Zellerbach,* 63 Cal. 623, and *Dodge* v. *Gay-
lord,* 53 Ind. 365.)

Turning to the record before us we find the evidence at
the latter trial materially different from that at the former.
One important circumstance is disclosed which was not pre-
sented before. This constitutes a significant feature which
cannot be ignored in the determination of the question whether
the action can be maintained between tenants in common. It
is this: After the fruit was cured and packed, it was di-
vided *into two equal parts* of the same grade and value and
placed *in separate piles* in the house occupied by plaintiff.
In view of this distinction between the two trials was the
court below justified in granting the motion for a nonsuit?
The plaintiff testified: "I was in the occupation and pos-
session of those lands during the year 1902 and had been for
two years prior thereto. I had been farming them and caring
for orchards thereon. I know the fruit that is mentioned in
the complaint. It was grown on that orchard during the
year 1902. I picked, cut, dried and cured it. When it was
cured I sacked it in fruit sacks secured and paid for by me.
After it was cut, cured and sacked I divided it into two
equal parts and piled it in a house on the premises occupied
by me. There was a division of the dried fruit into separate
piles, each pile having a separate letter. The sacks were all
of the same weight and the same value. They were piled so
that each pile was distinguishable from the other. After
the fruit had been divided and piled as I have stated, I of-
fered to deliver Mr. Thornton the one-half thereof. He re-
fused to accept it. After I had offered to deliver it to him
and while I was away, he came and took all the fruit and
hauled it away. I never got possession of any of it again.

. . . I demanded the return of it, and Thornton refused to return it. From the time it was picked it remained in my possession until it was taken away by Thornton.''

In *Balch* v. *Jones,* 61 Cal. 237, it is said: ''An action of replevin or of claim and delivery of the common property is not maintainable by one tenant in common against another, nor is trover, unless there has been such a loss, destruction or disposal of the property as amounts to a conversion; or the property is divisible in its nature and ascertainable by measurement, weight or count. In such a case a tenant in common may demand of his cotenants, having possession of the whole, his share, and on a refusal or conversion, he may sue in trover.''

In *Wattles* v. *Dubois,* 67 Mich. 313, [34 N. W. 672], it is held that ''the refusal by a tenant to deliver to his landlord his half of the unthreshed grain grown on the leased premises, is a waiver of the tenant's right to possession for the purposes of such delivery, and the landlord has a right to the immediate possession of his half and may maintain replevin therefor.''

Here, it will be observed, the defendant refused to accept his one-half which plaintiff offered to deliver.

In *Sutherland* v. *Carter,* 52 Mich. 473, [18 N. W. 224], the court said: ''The plaintiff was tenant in common of the grain, and after it was threshed she was entitled to her one-half thereof and it was Carter's duty to deliver it to her when she demanded it upon the farm. It was her property, and the action will lie in such a case under the facts found in this record.'' (Citing a large number of cases.)

In *Morgan* v. *Hedges,* 4 Colo. 531, this language is used: ''The stipulations in the articles of agreement that appellant, Morgan, should sell the products of the ranch and keep a full account of all receipts and disbursements, involves an agreement for their possession to that end. Where tenants in common of chattels agree that one shall have exclusive possession of the chattels, the tenant so entitled may maintain replevin against his cotenant.''

In the case at bar the agreement provided for the possession of the fruit by plaintiff and his delivery of one-half of the dried fruit to defendant. (See, also, *Newton* v. *Gardner,* 24 Wis. 232.)

In *Hurff* v. *Hires,* 40 N. J. L. 588, [29 Am. Rep. 282], it is declared: "There is a clear and well-settled distinction between the individual rights of several parties in goods of uniform kind and quality, and in those in which there is no uniformity in these respects. It is recognized in cases of a cotenancy of personal property, readily divisible, by weight or measurement, into portions absolutely alike in quality and value. In such cases, either tenant may take his proper proportion, and it will be regarded as a proper severance so long as he does not take more than his share; but the rule is otherwise in case of property not severable; in that event, the partition must be by agreement, or proceeding in equity."

In Cobbey on Replevin, section 238, the rule is stated as follows: "An action will not lie for an undivided interest in a chattel, nor can such tenant in common sue alone as against a stranger in possession. The plaintiff must have a right to a whole and entire interest. A different rule prevails where the property can be separated into aliquot parts, and the interest is easily separable, as one-third of sixty bushels of wheat. Where corn in a single pile or crib, owned by two tenants in common, is in the exclusive possession of one of such tenants, but both being equally entitled to the possession thereof, the other joint owner, if his cotenant refuses a division when properly demanded, may recover his portion of the grain by replevin."

"Replevin will lie for separate and distinct articles capable of identification and not undivided portions of separate lots." (*Phipps* v. *Taylor,* 15 Or. 484, [16 Pac. 171].)

It would seem that in the present instance the evidence brings the plaintiff clearly within the exception to the general rule that one tenant cannot maintain an action for replevin against his cotenant. All the property under the agreement was rightfully in the possession of plaintiff. He had divided it equally and one part belonged to him. He offered to deliver to defendant the portion to which he was entitled, and defendant refused to accept it. During the absence of plaintiff defendant comes and takes all the property and refuses to surrender the one-half when it is demanded of him. If these facts do not show cause to institute the action, it is difficult to conceive what would be sufficient. It is well settled that a motion for a nonsuit is in the nature of a demurrer to the evidence, that the evidence must be

viewed most favorably for the plaintiff, and if it tends to prove all the material allegations of the complaint the motion should be denied. It may be admitted that the testimony of plaintiff at the former trial is not altogether consistent with his testimony at the latter, but the question of the credibility of the witness is not involved here, and it is to be remembered that the want of harmony in the testimony of a witness at two separate trials may of itself render inapplicable the doctrine of "the law of the case."

No doubt the learned trial judge would have denied the motion if he had not felt constrained by the former decision in the case, but we think the evidence is materially different and hence that the motion should have been denied.

The judgment is reversed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 28, 1907, and the following opinion was then rendered thereon:

BURNETT, J.—Respondent's petition for a rehearing seems to proceed upon the theory that the affirmative defense set up in the answer was established at the trial. The truth is that plaintiff was the only witness examined and his evidence tended to prove the allegations of the complaint and not any allegation of the answer inconsistent therewith. Upon the trial of all the issues in the case it may be that defendant will be entitled to judgment, but we still think that the motion for a nonsuit was improperly granted. We are not inclined to the view that we should not consider the contention that the law of the case is not applicable because the point was not raised in the opening brief. We see no reason why we should not consider it, though it was made, not in anticipation of defendant's argument but in answer thereto.

The petition for a rehearing is denied.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 24, 1907.