## PÉREZ ET AL. *v.* LÓPEZ, DISTRICT JUDGE.

## APPLICATION for a Writ of *Certiorari.*

### No. 94.—Decided June 26, 1912.

PROCEDURE — VERIFICATION OF COMPLAINT — OATH — SECRETARY OF MUNICIPAL COURT.—The secretary of a municipal court is not authorized to administer the oath to a complaint which is to be filed in a district court.

ID.—AFFIDAVIT—VERIFICATION OF COMPLAINT—INTERESTED PARTY.—An affidavit to a complaint sworn before a municipal judge who is a party defendant to said complaint is null because said judge is interested in the result of the suit.

CERTIORARI—JURISDICTIONAL DEFECTS—AMENDMENTS TO AFFIDAVITS.—When defects in affidavits to complaints contesting elections are of such a nature as to affect the jurisdiction of the court, the court cannot allow said affidavits to be amended after the period of 90 days established by law for the commencement of the proceedings contesting the election, and *certiorari* proceedings are the proper ones on which to review the order of the district court authorizing said amendments.

ID.—JURISDICTION EXCEEDED.—*Certiorari* proceedings are proper in cases where the lower court exceeds its jurisdiction and where no other adequate, speedy and efficient remedy exists.

CONTESTED ELECTION—SPECIAL PROCEEDINGS.—The contest of an election is a special proceeding and all the requisites of the law should be complied with strictly so that the courts may acquire and preserve their jurisdiction over the subject matter of the action.

ID.—PERIOD FOR COMMENCING CONTESTED ELECTION PROCEEDINGS—AMENDMENT OF COMPLAINT—JURISDICTION.—In accordance with the doctrine laid down in the preceding paragraph and considering that the Act of 1906 on contested elections requires that the proceedings shall be commenced within 90 days after the returns are canvassed by the Executive Council, the complaint in an action of this nature cannot be amended after the expiration of the aforesaid period of 90 days, and if the original complaint is not sufficient to confer jurisdiction on the court it cannot be amended after the said period has expired.

ID.—AMENDMENT OF COMPLAINT—QUAERE.—In its opinion the court does not decide whether amendments to a complaint in contested election proceedings may be made within the period of 90 days fixed by law for commencing the proceedings, and this, therefore, is a question open to discussion.

The facts are stated in the opinion.

*Messrs. Luis Muñoz Morales* and *J. H. Brown* for petitioners.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case is a *certiorari* to the District Judge of the Humacao District. In that court there was pending an elec-

tion contest in which Luis Amadee Bonnet and others contested the election of Victor Molinari Duteil and others to the municipal offices in the town of Vieques.

When the case was called for trial the defendant demurred to the complaint because it was not sworn to, in this: That the oaths by which the same was supported were null; and, further, that the notification of the complaint did not comply with the essential requisites prescribed by law for contested elections. The judge of the district court sustained these exceptions by the proper orders, but granted the plaintiffs the right to amend the same.

The petitioners here contend that in granting the privilege of amending, the district judge exceeded his jurisdiction, because the 90 days' time within which election contests should be presented had expired before May 28, 1912, on which day the order complained of was made. In sustaining this position the petitioners present two questions: First, that the defects which were alleged against the complaint were jurisdictional, and, therefore, that the writ of *certiorari* would lie; and, second, that these defects recognized by the court really existed.

Taking up these questions in their inverse order we may say that it is clear to our minds that the rulings of the district judge on the questions presented by the demurrers was correct. The secretary of the Municipal Court of Vieques was not qualified to take an affidavit to the complaint required to be filed in the District Court of Humacao. (Sess. Acts 1903, p. 38; Sess. Acts 1904, p. 177; Sess. Acts 1906, p. 101; Sess. Acts 1908, p. 39; Sess. Acts 1910, p. 78.) Hence, the affidavit made by Francisco Luján before Adrián Brenes, the municipal secretary, was void and had no effect. (2 Cyc., 10; 1 Words and Phrases, 242.)

The affidavits made by the other plaintiffs before Francisco Luján, who was acting as municipal judge of Vieques, were also void, because he was one of the plaintiffs in the same case and interested in its result. (*Tracy* v. *Colby,* 55

Cal., 67, 72; *Havemeyer* v. *Dahn,* 33 L. R. A., 332, and notes; *Winters* v. *Baird,* 32 Am. Dec., 757, and note.)

Other defects might be pointed out in these affidavits, but it is unnecessary.

The trial court also correctly held that the notice required by law in election contests had not been properly given.

But it was not contended that any error had been committed by the district court in these particulars. The defects were virtually confessed, and it was sought to cure them by amendment, which the district judge permitted. This order is claimed to be erroneous. Then the principal question presented for our consideration is whether or not these defects, which the district court found in the affidavits and other proceedings, were such as to affect the jurisdiction of the court, and were, therefore, not susceptible of amendment. If they were jurisdictional, and the court could not lawfully permit the amendments, then this writ of *certiorari* should be maintained and the proceedings in the district court brought to a close.

In cases where the lower court exceeds its jurisdiction and where there is no other adequate, speedy and efficient remedy, the writ has usually been issued and maintained. (*Nuñez* v. *Soto Nussa,* 14 P. R. R., 190; *Méndez* v. *Soto Nussa,* 13 P. R. R., 366, and the later case of *Fajardo Development Co.* v. *District Judge of Ponce,* 5 P. R. R., 244. Reference may also be made to two cases in the Supreme Court of California; *Gibson* v. *Superior Court,* 83 Cal., 643; and *Baker* v. *Superior Court,* 71 Cal., 583. Many cases are also cited in 6 Cyc., 745, 746, 759, 760 and 761, to which reference is made. See also Spelling, secs. 1928, 1929 and 1930.)

The law providing for election contests prescribes that any person intending to contest the election of anyone holding a certificate of election for an office shall give him notice thereof in writing and serve upon him, his agent or attorney, a true copy of a complaint under oath of the ground or grounds on which the contestant relies to sustain such

contest, within 90 days after the return day of election; and the original of said notice and complaint shall be filed with the secretary of the district court of the district in which the election was held not later than five days after service of said notice and statement has been had on the contestee. By the "return day" is meant the day on which the returns were canvassed by the Executive Council and the official result thereof declared. (Sess. Acts 1906, p. 78.) This limits the time for beginning these proceedings to 90 days, and, in view of this provision of the statute, it must be borne in mind that this permission to amend the complaint was granted after the 90 days' limit had expired. The contest of an election is a special proceeding and all the requirements of the statute in regard thereto must be strictly complied with in order to confer or maintain the jurisdiction of the courts over the subject matter. (*Freshour* v. *Howard,* 142 Cal., 501; *Wright* v. *Fawcett,* 42 Tex., 203; *Mercer* v. *Woods,* 35 Tex. Civ. App., 642; *State* v. *Dortch,* 41 La. Ann., 846.)

A complaint against an election in the nature of a contest, which is defective in any particular that is required by the statute, cannot be amended after the term fixed by the law for initiating the contest has expired, and if the petition beginning the contest is not sufficient to confer jurisdiction it is lost by the expiration of time. (*Turner* v. *Hamilton,* 80 Pac., 664; *Vigil* v. *Pradt,* 20 Pac., 795; *Gillespie* v. *Dion,* 33 L. R. A., 703; 11 Cyc., 670, 693.) It is not intended to decide that such amendments might not be made within the 90 days' limit fixed by law; that question is left open.

The object of the contested election law was to provide a speedy trial and an early decision of all such cases. It is in the interest of the public that the law should be enforced as it is written and a period put to this class of litigation, and this has already been too far prolonged.

For the reasons herein expressed, the writ of *certiorari* should be sustained, and the orders made by the District

Court of Humacao on March 9, and May 28, of the present
year be vacated, and that the judge below should proceed
according to the principles herein announced.

*Writ granted.*

Chief Justice Hernández and Justices Wolf, del Toro and
Aldrey concurred.