J. C. ZIMMERMAN, Administrator of Jost Vogely, *vs.* FRIDOLIN BLOOM.

### April 17, 1890.

**Evidence—Declarations of Decedent against his Interest.—**Declarations
made by a person since deceased may be received in evidence in an action
between other parties, if it appear that the person making the declaration
had knowledge of the fact declared, and that the declaration was against
his interest.

Evidence *held* sufficient to justify the verdict.

Appeal by defendant from an order of the district court for Nobles
county, *Perkins*, J., presiding, refusing a new trial after verdict of
$624 for plaintiff.

*Daniel Rohrer*, for appellant.

*Geo. W. Wilson*, for respondent.

DICKINSON, J. This action was commenced by the above-named
Jost Vogely, and was tried in the district court before his death.

The action was to recover the amount of a promissory note, of $400, given by the defendant to Vogely, January 1, 1881. The defendant admitted the making of the note, but alleged in defence that its execution was procured by false representations, and that there was no consideration for it. It appears from evidence in the case that long prior to the making of this note, the defendant had executed to other parties two notes, for $400 and $300, respectively, which Vogely had executed with him as his surety. The defendant claimed, and produced evidence tending to show, that the note sued upon was given in renewal of an earlier note to reimburse Vogely for payments which he claimed to have made upon those obligations of the defendant. The case also showed that long before the giving of the note in suit, the plaintiff, Vogely, executed with the defendant and the brother of the latter a note for $700 to one Elmer; the plaintiff being a surety for the other makers. The claim of the plaintiff is that the note in suit was made to reimburse Vogely on account of the payment by him of the note to Elmer. The defendant (appellant) concedes that the evidence was sufficient to justify the conclusion of the jury that the note in suit had its origin in the note to Elmer.

It having been shown that Elmer had died, certain entries in private books, which he had kept, were introduced in evidence by the plaintiff; it being further shown that these entries were in the handwriting of Elmer. The defendant's assignments of error in respect to this evidence should not be sustained.

Exhibit J embraces the following statement or memorandum by Elmer in his book, under date of April 1, 1869: "According to note, I have loaned to the brothers Fridolin [this defendant] and Jacob Bloom, and Jost Vogely, money to the amount of 700.00, which they are to pay after two years with 9 per cent. interest until paid." Then follow, under various dates down to the year 1874, statements of the receipt of interest. Then comes the following statement: "For the above amount, Jost Vogely has given me a new note, and therefore the above-named $700 are to be considered paid, with the exception of the fourth half-year's interest which is due to me from Fridolin Bloom." The defendant excepted only to the reception of the last sentence above recited. The fact of the giving of the $700

note as stated in the book entry was virtually admitted by the defendant. The evidence to which the defendant's exception related was admissible, not as a matter of book-account, under the statute, but as a declaration of a fact, relevant to the issue, made by a person since deceased, he obviously having knowledge of the matter set forth in the statement, and the same being against his interest, pecuniary or proprietary. 1 Greenl. Ev. 147 *et seq.;* 2 Best, Ev. § 500 *et seq.;* Steph. Dig. Ev. arts. 25, 28, *c.* 4; 1 Phil. Ev. (Cow. & H. Notes,) 252 *et seq.; Higham* v. *Ridgway,* 10 East, 109, 3 Smith, Lead. Cas. (9th Ed.) 1607, and notes. Not only were the acknowledgments of the receipt of interest declarations against interest, but so was the acknowledgment by Elmer that he had accepted the note of Vogely alone in payment of the joint note of Vogely and two other persons.

From another page of the book, entries were also received, under the defendant's objection, relating to Jost Vogely's note of $700, and acknowledging the receipt of interest on it, and, under date of April 2, 1877, that Vogely had paid the same, excepting a specified sum which had been thrown off. These entries as to Vogely's note were admissible in connection with those before introduced, and for the same reason. The reasons upon which the admissibility of secondary evidence of this character rests are such that it is not essential that the entries or declaration be shown to have been made at the time of the transactions referred to.

The entries from the same book embodied in the case as Exhibit L were not objectionable as being an attempt to impeach the defendant's testimony as to collateral facts. This evidence tended to rebut the defendant's claim that he had paid the $700 note to Elmer.

The refusal of the court to instruct the jury as requested in respect to the asserted counterclaim growing out of the Stauffacher note was justified for the reason that the court had already instructed the jury, in effect, that, by the concession of the plaintiff, that item was to be allowed in favor of the defendant.

We are of the opinion that the verdict, which was a little less than the amount of the note sued on, was not greater than was justified by the evidence. The case justified the jury in concluding that after allowing, on account of the indebtedness existing at the time of the giv-

ing of this note, all the matters of counterclaim which were established in favor the defendant, the indebtedness was at least as large as the note given therefor. A review in this opinion of the evidence upon these matters would serve no useful purpose.

Order affirmed.