[No. 29. First Appellate District.—June 2, 1905.]

## MARGARET STODDARD, Administratrix, etc., Respondent, v. MARY NEWHALL and CARL NEWHALL, Appellants.

REPLEVIN BY ADMINISTRATRIX—EVIDENCE—DECLARATION OF DECEASED AGAINST INTEREST.—In an action by an administratrix to recover tools in possession of the decedent as the property of his estate, where the defendant was the mother of the decedent and testified that the tools belonged to her, that her son was employed as foreman in her orchard and kept the tools at his house as matter of convenience, it was error to exclude evidence of the declarations of the deceased against his interest in support of the defendant's testimony. The declarations were admissible against the plaintiff, who, in her capacity as administratrix, is successor in interest of the deceased, within the meaning of section 1853 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

James R. Lowe, and L. B. Archer, for Appellants.

W. A. Bowden, for Respondent.

COOPER, J.—This action was brought by plaintiff as administratrix for the recovery of a large number of articles of personal property of the estate of plaintiff's intestate, which the defendants are alleged to have taken possession of and conveyed away, and for damages in double the value of the property so taken. Judgment was rendered in favor of plaintiff for the recovery of a portion of the property described in the complaint, or the value thereof, found to be $287.50, and for the further sum of $287.50 (being double damages) and for costs. This appeal is from the judgment and order denying defendants' motion for a new trial.

Among the articles which the complaint charges the defendants with having taken was a lot of tools. Deceased is alleged to have been the owner of said tools. Plaintiff intro-

duced evidence tending to show that deceased was in possession of said tools up to the time of his death. The witness Franks testified in cross-examination that deceased, while in possession of the tools, told him that the tools belonged to deceased.

The defendant Mary E. Newhall is the mother of deceased. She testified that the tools belonged to her, and that deceased was employed by her as foreman in her orchard; that he kept most of the tools "at the dryer and engines at his house" because it was more convenient for him for them to be there.

It is thus apparent that one of the important issues at the trial was as to the title of these tools. Defendants attempted to prove by the witnesses Geer and Stoddard declarations made by deceased to them to the effect that the tools belonged to his mother and that he was keeping them in his basement because it was more convenient. Several questions were asked for the purpose of eliciting testimony as to what deceased stated to the witnesses as to the ownership of the tools. The court sustained the plaintiff's objections to each of such questions, and the rulings are now complained of as erroneous.

The declarations were declarations by deceased against his interest, and the evidence was admissible. The courts hold such declarations admissible because of the extreme improbability of their falsehood. The regard which men pay to their own interests is deemed a sufficient security that any statement or declaration against interest should be received. The admission of such evidence is subject to the objection that it is easily fabricated, and the party who is alleged to have made such statement is beyond the reach of the process of the court, and hence cannot contradict it; but this objection goes to the weight of the evidence, and not to its admissibility. The testimony as to such declarations should be carefully scrutinized in view of all the surrounding circumstances and the motives or interest of the witness. If in the light of all the circumstances, and the credibility of the witnesses, the judge or jury believe that such declaration was made, they are to consider it as any other fact in the case. Section 1853 of the Code of Civil Procedure provides: "The declaration, act, or omission of a decedent, having sufficient knowledge of the subject, against his pecuniary interest, is also admissible as evidence to that extent against his successor in interest."

The plaintiff, in her capacity as administratrix, is the successor in interest of her deceased husband. It was said by Cockburn, C. J., in *Regina* v. *Overseers of Birmingham*, 1 Best & Smith (Q. B.) 768: "Now, it has been held over and over again, in the analogous case of declarations against pecuniary interest, that the declaration of the deceased person may be received, not only to prove so much contained in it as is adverse to his pecuniary interest, but to prove collateral facts stated in it; at all events, so far as it relates to facts which are not foreign to the declaration, and may be taken to have formed a substantial part of it."

In *Peace* v. *Jenkins*, 10 Ired. (32 N. C.) 356, the supreme court of North Carolina held that declarations of a deceased person in regard to his indebtedness were competent in an action to recover personal property where the consideration of the bill of sale was attacked. The court said: "John T. Peace was dead, and his declarations were relevant to the very matter in dispute, to wit, his indebtedness to Josiah Peace, and upon a question of fraud and against his interest. Its aptness to prove that fact of indebtedness was to be considered of by the jury in deciding on its weight, from the time and circumstances under which it was made."

(See, further, 1 Greenleaf on Evidence, sec. 147 and notes; Chamberlayne's Best on Evidence, secs. 500-503, and American notes; 9 Am. & Eng. Ency. of Law, 2d ed., p. 8, and notes.)

It is not necessary to decide the question as to whether or not the complaint and findings support the judgment for double damages. As the case must be retried, we will presume that the court will see that the findings are supported by the pleadings and the evidence.

The judgment and order are reversed.

Hall, J., and Harrison, P. J., concurred.