[Civ. No. 1745.   Third Appellate District.—November 20, 1917.]

## JOSEPH L. BAILEY, Appellant, v. D. B. MOSHIER, Respondent.

ACTION ON NOTE — DEATH OF PAYEE — PAYMENT — EVIDENCE.—In an action for the balance due on a promissory note and to foreclose a chattel mortgage given to secure the payment of the same, defendant's testimony as to a payment on the note before the payee's death was not objectionable as a self-serving declaration under sections 1850–1853 and 1870 of the Code of Civil Procedure, nor was it inadmissible under section 1880, subdivision 3, prohibiting testimony of parties to actions against executors on a claim against the estate of a deceased person.

ID.—OTHER INDEBTEDNESS OF DEFENDANT TO PAYEE—EVIDENCE—TESTIMONY OF PLAINTIFF.—In an action for the balance due on a note, where the defendant had made payments thereon prior to the payee's death, and had testified that the note represented his only indebtedness to the payee, it was proper rebuttal to ask plaintiff what he knew of other indebtedness from the defendant to the payee, the plaintiff claiming the payments were on other indebtedness.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, and Chas. A. Barnhart, for Appellant.

S. Wyman Smith, for Respondent.

BURNETT, J.—The action is for the balance due on a promissory note and to foreclose a chattel mortgage given to secure the payment of the same.

The note and mortgage were executed by the defendant on March 21, 1911, to one J. E. Bailey for the sum of two thousand five hundred dollars, with interest at one per cent a

month.  J. E. Bailey died, and all his property was regularly distributed to one William Bailey, who assigned the note and mortgage in controversy to plaintiff, who is the nephew of said decedent.  The complaint alleges that no part of said note was paid except the sum of one thousand dollars, which was paid thereon on November 13, 1911, and that one thousand five hundred dollars and interest was still due.  The answer sets up that in addition to said payment, in the month of October, 1911, the sum of $1,072.40 was paid on said note by the Western Water Company to John E. Bailey for and on behalf of the defendant, and that on or about the seventeenth day of November, 1911, the sum of $585 was paid to the said John E. Bailey by the Kern County Land Company for and on behalf of the defendant, and that on said last-mentioned date the sum of thirty-five dollars was due, and that the defendant has tendered plaintiff the sum of forty-five dollars, and that he has at all times been willing and able to pay plaintiff whatever sum might be found to be due.

The principal controversy is as to the two additional payments claimed to have been made by respondent.  It is contended that the evidence is insufficient to support the finding of the court in accordance with the averments of the answer. We are at a loss to understand, however, why such contention should be made.  It might be said, possibly, that a contrary finding would be supported, but to declare that there is no legal basis in the evidence for the court's conclusion as to these payments is to ignore the positive and unequivocal testimony of the defendant himself and others in whose statements we find nothing improbable or even suspicious. The plaintiff testified that on October 21, 1911, he received for his uncle a check from the Western Water Company for the sum of $1,072, that he took the check to his uncle, John E. Bailey, who was sick at the time, that the latter indorsed it and plaintiff "turned it in to Mr. Mack at the Bank of Bakersfield, and he turned it in on" the note held by one W. G. Collier against the said John E. Bailey, and said note was thereupon delivered to plaintiff.  It may be said that it was a promissory note bearing ten per cent interest per annum. The defendant testified that on October 20, 1911, he gave this order to said Western Water Company: "Gentlemen, Pay J. E. Bailey the amount found to be due me from my

September account and charge same to my account." It
appears without controversy that this order was made and
honored, and that in accordance therewith said sum was paid
as testified by plaintiff on October 21st. Thus far the
situation is not open to dispute. The defendant testified
further that the next payment was made by him in cash per-
sonally to John E. Bailey on November 12th or 13th at the
First National Bank of Bakersfield, and that the amount was
one thousand dollars, and as to this it may be said the defend-
ant produced a receipt signed by the payee. We have then
positive proof of the payment of $2,072.

On November 17th the defendant says he instructed the
Kern County Land Company to make a payment to John E.
Bailey of $585, and "I know of my own knowledge that the
sum of $585 was paid to John E. Bailey through the Kern
County Land Company." There can be no doubt about this,
as the receipt was introduced in evidence, and he was cor-
roborated by the testimony of William Eardley, the super-
intendent of the milling department of said company, who
said: "John E. Bailey came to my office in the milling de-
partment in the month of November, 1911, for the purpose
of collecting some money which I had been authorized to
pay him on account of D. B. Moshier. I paid John E. Bailey
money at that time, to wit, $585. It was paid in a draft on
the Kern County Land Company. John E. Bailey gave me
a receipt at that time. He signed it in my presence and the
receipt was made out November 16, 1911. That is the date
on which the payment of $585 was made." We have thus
the evidence of the payment of $2,657 to John E. Bailey for
and on account of respondent, and that these payments were
made on the indebtedness evidenced by said note is the tes-
timony of Moshier. Indeed, he testified that there was no
other indebtedness from him to Bailey. Appellant calls
attention to some apparent inconsistency in the statements
of respondent, but it was explained, and no doubt to the
satisfaction of the court, and we cannot say that he was not
entitled to the fullest credit in his testimony that he had made
these payments.

There was a trifling balance due which the court was jus-
tified in believing that the defendant was willing to pay. It
seems that he was uncertain as to the exact amount, and the
tender and deposit were not made until after the complaint

was filed. The deposit of the money to the credit of the plaintiff rendered a judgment for that amount unnecessary, and it was proper to award respondent his costs in view of the trivial sum.

Certain rulings are specified as erroneous, of which brief mention may be made.

On cross-examination plaintiff was asked: "From whom did you receive that check for $1,072?" To which the objection was made: "It is prior to the time this witness became the owner of the note; that the transaction attempted to be proven is a transaction between Mr. Moshier and the late John E. Bailey." It is apparent that the objection was properly overruled. It is a fair inference from his testimony on the direct examination that no such payment had been made on the note, and the obvious purpose was to show that this payment was made on behalf of the defendant and should have been credited upon the note. Besides, he virtually answered it without objection, as shown by the following statement just preceding the question: "I received a check from the Western Water Company for $1,072 in October, 1911."

To this question asked of the defendant: "What was the first payment made by you on account of the note and mortgage in this case?" counsel for appellant made this objection: "To which I object on the ground that the defendant cannot testify to transactions with deceased persons, or make any declaration in his own favor, under the sections of the code from 1850 to 1853 and 1870 of the Code of Civil Procedure. He cannot make any declaration of self-serving statement in his own favor." It is quite obvious that appellant's position in that respect is entirely untenable. The question did not call for any self-serving declaration, but for a fact, namely, the payment of a sum of money on a certain indebtedness. And it is no less admissible because the payee of the note was not living. None of the said sections of the code precludes such testimony, nor did the question call for an answer within the inhibition of subdivision 3 of section 1880 of said code. The testimony did not relate to a "claim or demand against the estate of a deceased person" within the contemplation of said language. The situation is covered and controlled by the decision in *Stoddard* v. *Newhall,* 1 Cal. App. 111, [81 Pac. 666]. It is true that the death of the payee

may place his successor in interest at a disadvantage, and it may even happen that the maker of the note may hesitate less to commit perjury, but such possibility cannot operate to change the established rules of evidence. It is to be presumed, moreover, that under such circumstances the trial court will scrutinize with even greater care the testimony of the payer.

There was no error in permitting the defendant to explain the receipt he received from Mr. Bailey on the payment of the one thousand dollars. The receipt was in form as follows:

"Bakersfield, 14th Nov., 1911.

"Received from D. B. Moshier on account of note of $1500 made March, 1911, fifteen hundred. Received on the above note, one thousand dollars.

"JOHN E. BAILEY."

The only intelligible statement therein contained is the recital of the receipt of one thousand dollars. The other portion of the instrument was not understandable without explanation, which the witness was properly allowed to make. Besides, as we have already seen, the witness stated that he owed no other amount to Bailey, and to the force of this statement nothing was added by his explanation of the receipt. The court was probably in error in its rulings in relation to a certain check that was returned to the defendant by the clerk of the board of supervisors of Kern County. Secondary evidence of its contents was permitted without accounting for the loss of the instrument, but it was rendered harmless by the stipulation of counsel for respondent that it should be considered only to fix the date when said check was returned, and as to this fact the clerk referred to the minutes of said board kept by him. This circumstance was important to fix the time when respondent said he paid Bailey the one thousand dollars.

Appellant in rebuttal was asked by his counsel this question: "Do you know whether or not Mr. Moshier had received any cash money from Mr. Bailey in his lifetime as a loan which was not evidenced by any promissory note, for the purpose of buying feed for taking care of the mules?" The other side objected on the general ground and that "no proper foundation was laid for it." The court in sustaining the objection said: "That is not in rebuttal. I am not going

into that anyhow." It clearly was in rebuttal. The defendant had testified that the promissory note represented his only indebtedness to Bailey, and this was a material circumstance in view of the controversy as to how the last payment of $585 should be applied, it being the contention of appellant that it was intended to repay money that was loaned for the feed of the mules. If it was so intended, then manifestly it was improper to reduce by that sum the amount due on said note. Nor can it be said that "no foundation" was laid for it. An attempt was being made to lay the foundation by asking the witness whether he knew of such loan. But the ruling was absolutely without prejudice, for the reason that the witness had already testified that his uncle took that $585, but that it was "John E. Bailey's money. It was money John E. Bailey had advanced him for feed for the mules." The court, though, undoubtedly did not believe him, and it may be said that his testimony as a whole does not appear very consistent or persuasive. At any rate, the court had the legal right to accept and act upon the testimony to the contrary effect of the defendant and other witnesses.

There are some other minor points, but we do not deem it necessary to notice them specifically.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.