ANNA T. WALLACE, Appellant, v. EDMUND F. OSWALD, as Executor, etc., et al., Respondents.

[1] EVIDENCE—BOOKS OF ACCOUNT OF PLAINTIFF—FOUNDATION—TIME OF MAKING ENTRIES.—When a party litigant seeks to establish his case by the introduction of his own books of account he must lay the usual foundation, showing among other things that the entries sought to be introduced were made at the time of the transaction recorded.

[2] ID.—ACTION AGAINST EXECUTOR—DECLARATIONS AGAINST INTEREST —ACCOUNT-BOOKS OF DECEASED—TIME OF MAKING ENTRIES IMMATERIAL.—In an action against an executor to recover a sum alleged to be due from the deceased upon an open, mutual, and

current account, entries made by the deceased in account-books kept by him in his own handwriting, showing items of rents received by him from properties of the plaintiff, are admissible in evidence as admissions or declarations of the deceased against his interest, notwithstanding such entries were not made at or near the time of the transactions which they purported to record.

[3] ID.—ACCOUNT-BOOKS OF DECEASED—ADMISSIBILITY—CONSTRUCTION OF CODE PROVISIONS.—Section 1946 of the Code of Civil Procedure is an adoption of the well-established rule by which admissions, declarations, and entries made by strangers to the litigation who are since deceased may under certain conditions be admitted in evidence therein; but the provisions of that section have no application to entries in books of account made by a person since deceased, when offered in evidence in an action against his personal representative, the admissibility of which is governed by the provisions of section 1853 of that code.

APPEAL from a judgment of the Superior Court of Santa Clara County. F. B. Brown, Judge. Reversed.

The facts are stated in the opinion of the court.

A. M. Free and F. M. Bloomingdale for Appellant.

Rodgers & Smith and Frederick Schneider for Respondents.

KERRIGAN, J.—This is an action brought by the plaintiff against the defendant as executor of the last will and testament of Van Alstine Wallace, deceased, to recover the sum of $1,929.76 alleged to be due from the deceased upon an open, mutual, and current account.

The complaint sets forth an itemized statement of the account, charging deceased with certain items of rents collected and received by him from properties of plaintiff during the period from 1911 to 1919, and crediting him with expenses incurred by him for repairs upon plaintiff's said properties, together with taxes and insurance premiums and various remittances made by him to plaintiff during said period. The answer of the defendant consists in general of a denial upon information and belief of the allega-

---

3. Admissibility, as between third parties, of entries against interest made by deceased persons in books of account, note, 2 B. R. C. 670.

tions of the complaint, and sets forth a counterclaim upon a mutual, open, and current account between said decedent and plaintiff for services of decedent in caring for the properties, and for commissions on collection of rents during the period set forth in the complaint.  The intervener, Evelyn Jane Lee, filed a complaint in intervention, setting forth substantially the same matters of defense against plaintiff's claim as are contained in said answer.  Upon the trial of the cause plaintiff offered in evidence certain entries made by the deceased in account-books kept by him in his own handwriting, showing items of rents received by him from properties of the plaintiff.  None of these entries were made at or near the time of the transaction, many of them having been made five or six months, and some as late as two years, after the transactions which they purported to record, and upon objection by the defendant the court excluded them upon this ground.  The respondents justify this ruling of the trial court by citing the provisions of subdivision 1 of section 1946 of the Code of Civil Procedure.  The section in its entirety reads as follows:

"The entries and other writings of a decedent, made at or near the time of the transaction, and in a position to know the facts stated therein, may be read as *prima facie* evidence of the facts stated therein, in the following cases:

"1. When the entry was made against the interest of the person making it.

"2. When it was made in a professional capacity and in the ordinary course of professional conduct.

"3. When it was made in the performance of a duty specially enjoined by law."

In excluding the offered entries the trial court, we think, committed error.  [1]  When a party litigant seeks to establish his case by the introduction in evidence of his own books of account he must lay the usual foundation, showing among other things that the entries sought to be introduced were made at the time of the transactions recorded.  [2] But the entries here in question constituted admissions or declarations of the decedent against his interest, and as such were admissible against the defendant independently of the provisions of the section of the code above quoted, the effect of which is to broaden rather than to narrow the availability as evidence of writings of the character described.

When a party to a civil action has made admissions of facts
material to the issue they are, as a rule, admissible against
him. (Code Civ. Proc., sec. 1870, subd. 2.) Entries in ac-
count-books tending to establish a liability are, like other
admissions, evidence against the party making them. (Jones
on Evidence, sec. 236.) **[3]** Section 1853 of the Code of
Civil Procedure reads as follows: "The declaration, act, or
omission of a decedent having sufficient knowledge of the
subject, against his pecuniary interest, is also admissible as
evidence to that extent against his successor in interest."
The defendant in his capacity as executor, and the inter-
vener, are successors in interest of the deceased. (*Stoddard*
v. *Newhall,* 1 Cal. App. 113 [81 Pac. 666].) The provisions
of section 1946 of the Code of Civil Procedure are inapplica-
ble to the facts of this case. That section is an adoption
in part of the well-established rule by which admissions,
declarations, and entries made by strangers to the litigation
who are since deceased may under certain conditions be ad-
mitted in evidence therein. We have no doubt that under
that rule and under the provisions of this section entries
in books of account made by a person since deceased may be
received in evidence in an action between other parties, if it
appear that the person making the entry had knowledge of
the facts declared and that the entry was against his inter-
est. (*Zimmerman* v. *Bloom,* 43 Minn. 163 [45 Pac. 10];
Corpus Juris, p. 892, sec. 1089.) The principle is thus
stated by Mr. Jones in his work on the law of Evidence (sec.
323, 2d ed.) : "Declarations of deceased persons against in-
terest—In general. In several of the preceding sections the
discussion has related to the admissibility of declarations or
entries made in the regular course of business and as part
of the *res gestae.* In another chapter we discussed the ad-
missibility of declarations of parties and those identified in
interest with parties, that is, admissions. We now come to
the consideration of an entirely different class of declarations
which should not be confused with those already mentioned,
namely, declarations made by strangers, that is, by persons
not in privity with the parties to the suit; declarations which
are not necessarily made in the regular course of business,
but which are received on the ground that they were against
the interest of such stranger and irrespective of the fact
whether any privity exists between the person who made

them and the party against whom they are offered. It has long been settled as one of the exceptions to the general rule excluding hearsay, that the declarations of persons since deceased are admissible in evidence, provided the declarant had peculiar means of knowing the matter stated, if he had no interest to misrepresent it and if it was opposed to his pecuniary or proprietary interest. Thus in a leading case on the subject an entry of a charge for services made in a ledger on a certain day by a man-midwife for attendance upon a woman when she was delivered of a child was admitted to show the age of such child. It is a fair presumption that men will neither falsify accounts nor commit mistakes, when such falsehoods or mistakes would be prejudicial to their own pecuniary interests. This consideration, together with the facts that the declaration is not admissible during the lifetime of the author; that any fraudulent motive for making the entry may be shown, and that such declarations are frequently the only mode of proof available, are deemed of sufficient force to justify the admission of such declarations, although the sanction of an oath and the test of cross-examination are wanting.''

This quotation from the work of Mr. Jones and section 1946 of our Code of Civil Procedure evidently refer to the same rule of evidence; and make it apparent that the admissibility in evidence of the book entries rejected by the trial court is not governed by such rule, but must be referred rather to the rule stated in section 1853 of the Code of Civil Procedure above set forth. In refusing to admit such entries, therefore, the trial court committed error; and as it subsequently granted the defendant's motion for nonsuit it is evident that the exclusion of this evidence was prejudicial to the appellant. The judgment should therefore be reversed, and it is so ordered.

Knight, J., *pro tem.*, and Tyler, P. J., concurred.