624

[Civ. No. 19262.   Second Dist., Div. Three.   June 22, 1953.]

NORMAN A. OSTBERG, Appellant, v. GEORGE W. THATRO et al., Respondents.

Floyd H. Norris for Appellant.

Sims & Wallbert for Respondents.

VALLÉE, J.—Appeal by plaintiff, a general contractor, from a judgment in his favor foreclosing a mechanic's lien and awarding him $1,757.07.   He claims the judgment is

erroneous in two particulars: (1) it does not award him the full amount to which he is entitled under the contract; (2) an award to defendants of $500 on their cross-complaint for defective paint work is not supported by the evidence.

On June 23, 1948, plaintiff and defendants entered into a written contract for the construction of a residence by plaintiff for defendants on a "cost plus fixed fee" basis. On the same day they executed a written agreement with Joint Control, Inc., a building fund disbursing agency. Pursuant to the latter agreement, defendants deposited with Joint Control sums of money totaling in excess of $29,000 to be used for the purpose of paying the cost of construction of defendants' residence and to be paid out by Joint Control, Inc., on the order of plaintiff, subject to the control of the disbursing agency.

It was the practice of plaintiff to pay his laborers and thereafter, from time to time, file a written request for reimbursement with Joint Control. The request was made in each instance on a form furnished by Joint Control, denominated "Release of Labor Liens." Each of the forms was signed by plaintiff and the laborers who had been paid by him for a particular period preceding the date it was submitted to Joint Control. The releases contained the following provision:

"For the purpose of obtaining payments for the above items, the undersigned contractor-employer hereby certifies and warrants that the above-named laborers and mechanics actually performed work and labor at the times and upon the job hereinbefore set forth and that they have actually been paid by him. The undersigned further certifies and warrants that the above is a full and complete list of all laborers and mechanics that performed work and/or labor for him upon the job."

Plaintiff filed approximately 17 requests on this form with Joint Control for reimbursement for labor, and received payment for the amounts claimed. The last request was filed on October 14, 1949.

Plaintiff had an audit made of his books and records showing expenditure by him of $37,254.46 in the construction of the residence. Joint Control paid plaintiff $29,395.91. Plaintiff claimed a balance due from defendants of $7,858.55 ($37,254.46 — $29,395.91) for labor and materials.

In this action plaintiff sought to recover the balance he

claimed to be due. The trial court made no award to plaintiff for labor claimed to have been done or materials claimed to have been furnished prior to October 14, 1949, the date of the last release given by him to Joint Control. It awarded him $868.45 for labor done after October 14th, and $169.52 for materials furnished after December 1, 1949. No materials were furnished between October 14th and December 1st. The amount plaintiff says he should have been awarded, over and above that allowed, is for labor claimed to have been done and materials claimed to have been furnished prior to October 14, 1949.

The claim here is that the only reason the trial court found plaintiff could not recover the total sum shown to be owing by the audit, less certain agreed overcharges and errors, was that it ruled that by not including sums claimed to have been expended prior to October 14th in the release forms filed with Joint Control, he waived his right to any expenditures made prior to that date and not included.

Although the findings and judgment do not itemize the amount recovered by plaintiff for labor and materials, the record shows the trial court ruled "that the releases filed in Joint Control are binding upon Mr. Ostberg." Careful reading of the record fails to disclose any evidence that the court ruled the releases had any effect on plaintiff's claim for materials. There was no credible evidence to support the claim for materials furnished prior to October 14th. The record discloses that plaintiff's books and records were so confused and confusing that it was difficult for the court to say when they could be relied upon. There were many mistakes "honeycombed" in the case, and plaintiff failed to produce. sufficient evidence to support the earlier claims for materials.

Defendants contend that by reason of section 1962(2) of the Code of Civil Procedure, a conclusive presumption arose against plaintiff by the filing of the releases with Joint Control and precluded him from recovering any sums claimed to have been expended by him for labor prior to October 14th. Plaintiff argues that the releases do not come within the term "written instrument" as used in section 1962(2). We need not reach this question. ■ The releases constitute declarations of plaintiff against his interest. Each release is a declaration by plaintiff that the laborers named therein were the only ones who worked on the job during

the time covered by the particular release; that the amounts shown thereon, as earned by those laborers and paid to them by plaintiff, were all of the amounts expended by plaintiff for labor during the period covered; and, collectively, they are evidence that nothing additional was owing by defendants to plaintiff for labor performed prior to October 14, 1949. The releases in themselves are sufficient to support the implied finding that nothing was owing for labor done prior to October 14th. (*Moore* v. *Campbell*, 72 Cal. 251, 253 [13 P. 689]; *Riedy* v. *Bidwell*, 93 Cal.App. 202, 207 [269 P. 682]; *Wallace* v. *Oswald*, 57 Cal.App. 333, 335-336 [207 P. 51].)

We hold the evidence is sufficient to support the findings that nothing was owed by defendants to plaintiff for labor performed or materials furnished prior to October 14, 1949.

■ The cross-complaint alleged: plaintiff so negligently performed the paint work on the interior and exterior of the premises as to necessitate that it be done over; plaintiff caused a new type of paint, wholly unsuitable for the purpose, to be applied to the exterior; plaintiff knew or should have known that the paint so applied was unsuitable for such purpose; by reason of the negligent performance of the paint work, defendant was damaged in the sum of $3,000. The court found: plaintiff applied a new type of paint, Phenoplast, to the exterior redwood; this paint was wholly unsuitable for the purpose; plaintiff knew or should have known it was unsuitable; this new paint was negligently applied; by reason of the foregoing, defendants have been damaged in the amount of $500.

Plaintiff contends there is no evidence to support these findings. He argues that he told defendant, George Thatro, that Phenoplast was a new product and the latter agreed that it be used on the redwood, knowing that plaintiff did not know what the result of its use would be. Defendant, George Thatro, testified: plaintiff was going to treat the redwood with a material that he had selected "as a result of some personal preference of his account"; he (Thatro) knew nothing of the treatment of redwood and accepted plaintiff's knowledge on the subject; after plaintiff told him he was going to use the new product, he (Thatro) said: "Well, if that is what is proper for redwood, I will accept it."; he did not take the responsibility of selecting Phenoplast; plaintiff decided to use it and he (Thatro) did not object to it. There was evidence that the paint job was bad, that Phenoplast

should never have been put on, and that the paint work on the house as a whole was not a workmanlike job. The evidence amply supports the findings with respect to the paint work.
Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.